UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | No. 2:20-cv-02044 KJM GGH P |
| Petitioner, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| KEN CLARK, | |
| Respondent. | |

*Introduction and Summary*

    Petitioner, a state prisoner proceeding pro se, has filed a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 5. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

    Pending before the court is respondent's motion to dismiss petitioner's habeas petition for lack of jurisdiction. ECF No. 11. Petitioner has filed an opposition, and respondent a reply. ECF Nos. 16, 17. Petitioner has also filed an unauthorized sur-reply.[1] ECF No. 19. After careful reviewing the filings and applicable legal standards, the undersigned now issues the following findings and recommendations.

////

---

[1] Although petitioner failed to seek authorization from the court prior to filing his sur-reply, in light of petitioner's pro se status, the court will consider petitioner's sur-reply.

1

*Discussion*

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990).

Petitioner challenges his 2019 conviction from Sacramento County Superior Court for indecent exposure. ECF No. 5 at 1. Petitioner alleges a Sixth Amendment Brady[2] violation based on destruction of evidence by the prosecution and asserts he is factually innocent. Respondent asserts this court lacks jurisdiction to adjudicate this matter due to petitioner failing to meet the in custody requirement pursuant to 28 U.S.C. §§ 2241(c); 2254(a). ECF No. 11. Respondent moves to dismiss this action because petitioner is not in custody on the present conviction he seeks to challenge. Respondent states, and the record confirms, on March 6, 2019, imposition of petitioner's sentence was suspended and was credited with time served. ECF Nos. 11; 13-1 at 5. Petitioner did not receive probation. Id. Petitioner was further required to register as a sex offender pursuant to Cal. Pen. Code § 290. Id. Petitioner, however, asserts the detainer presently on his prison record sufficiently establishes that this court has jurisdiction. ECF No. 16. Respondent confirms a detainer remains on petitioner's legal status summary but that the detainer

////

////

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

2

1 is no longer active since petitioner has completed his sentence and the superior court no longer
2 requires his presence for this conviction. ECF Nos. 17; 18-1.

3       A petitioner under a state detainer warrant is considered to be in custody for purposes of
4 habeas corpus relief. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).
5 However, here, petitioner has completed his sentence for the conviction he is seeking to
6 challenge. At the commencement of petitioner's criminal proceedings, the state court lodged a
7 detainer with the prison until petitioner's presence was no longer required by the state court. ECF
8 No. 18-1. Petitioner's presence was no longer required after the state court's March 6, 2019 order
9 when the state court credited petitioner's time served and issued no probation. ECF No. 13-1.
10 Therefore, the detainer is no longer active. Since the detainer does not subject petitioner to
11 commence or finish serving a sentence imposed by the state court in this action, the detainer is
12 clearly one based on administrative error by the state prison. See Hensley v. Municipal Court, San
13 Jose Milpitas Judicial Dist., Santa Clara County, California, 411 U.S. 345 (1973). Accordingly,
14 petitioner is not in custody for purposes of 28 U.S.C. § 2254 simply on the basis that there is a
15 detainer lodged against him in the prison where petitioner is incarcerated. Consequently,
16 petitioner does not meet the in custody requirements to grant this court jurisdiction to adjudicate
17 petitioner's habeas petition.[3]

18       Accordingly, the undersigned recommends respondent's motion to dismiss be granted.

19 *Certificate of Appealability*

20       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must
21 issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

---

[3] Petitioner is presently serving a fifty-five year to life sentence imposed by the Monterey Superior Court. ECF No. 11 at 2 n. 2. Petitioner does not allege that his present incarceration is a necessary predicate to his indecent exposure conviction. See Zichko v. Idaho, 247 F.3d 1015 (9th Cir. 2001).  Nor could he so allege as his Monterey conviction predated his indecent exposure (in prison) conviction.  See People v. Hatchett, No. H024371, 2003 WL 21008765 (Cal. Ct. App. May 6, 2003). Moreover, simply being required at some time in the future to register as a sex offender does not place a petitioner "in custody" for the offense which led to the registration requirement.  Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998); see also Alaska v. Wright, __U.S.__, 141 S.Ct. 1467 (2021), reversing the Ninth Circuit which had relied on Zichko. The court need not find whether Zichko remains good law in that petitioner does not, and cannot, assert Zichko's "necessary predicate" requirement for "in custody" purposes.

3

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has been made in this case.

*Motion for Default Judgment*

Additionally, petitioner has filed a motion for default judgment mistakenly assuming respondent has not filed a timely response in accordance with the court's instructions and deadlines. ECF No. 14. Based on respondent's default, petitioner seeks to be released from prison on bail pending adjudication of his petition. Id. However, respondent has filed a timely motion to dismiss. ECF Nos. 8, 11. Nevertheless, "the failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990). Accordingly, the undersigned will recommend the motion for default judgment be denied.

*Conclusion*

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for default judgment (ECF No. 14) be denied;

2. Respondent's motion to dismiss (ECF No. 11) be granted;

3. Petitioner's first amended writ for habeas corpus (ECF No. 5) be dismissed for lack of jurisdiction; and

4. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////

////

////

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 20, 2021

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE