UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | No. 2:16-cv-02044-KJM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KEN CLARK, | |
| Respondent. | |

    Petitioner is a state prisoner without counsel pursuing a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his objections to the court's recommendation that respondent's pending motion to dismiss be granted, plaintiff raised additional arguments that he had not raised in his original opposition papers. ECF No. 16. Accordingly, the District Judge referred the matter to the undersigned to consider the new arguments. ECF No. 23. Thereafter, the court directed respondent to file a supplemental brief addressing those arguments, which was timely filed on February 9, 2022.[1] ECF Nos. 26, 27. Those arguments are addressed below.

    Petitioner asserts in his petition that his conviction for indecent exposure, which he incurred while serving a 55-years-to-life sentence on an unrelated charge, violated his rights

---

[1] Petitioner asks this court to enter default judgment against respondent for failing to timely file the supplemental brief. ECF No. 29. As the brief was timely filed, the court must deny petitioner's request.

1

under *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 5. He also claims to be factually innocent of the indecent exposure charge. *Id.* The court has already determined that petitioner is not "in custody" for purposes of § 2254 by reason of a state court detainer allegedly retained on his prison records due to administrative error. ECF Nos. 21, 23. Accordingly, all that remains to be determined is whether petitioner has shown that he is "in custody" on the indecent exposure conviction for the reasons provided in his objections to the prior findings and recommendations.

In the objections, petitioner argues that he is "in custody" because he was found guilty of a rules violation report (RVR) that resulted in forfeiture of 365 good time credits, a 12-month term in the administrative segregation indecent exposure unit, a 15-month term in the general administrative segregation unit, the loss of his job, and the loss of some privileges and property. ECF No. 22. Respondent points out that the RVR and its consequences are irrelevant to whether petitioner is in custody on his state court indecent exposure conviction. ECF No. 27. The court agrees.

The petition does not challenge an RVR, it challenges a state court conviction. It is not clear from petitioner's filings what relationship the RVR bears to the conviction, if any, although presumably both the conviction and the RVR resulted from the same incident. Petitioner has not shown that the conviction was a necessary predicate to the RVR such that he would not have sustained the guilty administrative finding and attendant losses absent the criminal conviction. Accordingly, petitioner's reliance on *Zichko v. Idaho,* 247 F.3d 1015 (9th Cir. 2001) is unavailing. In *Zichko*, petitioner was "in custody" for a prior rape conviction despite the expiration of his initial term of imprisonment where he had been re-incarcerated for failing to register as a sex offender, because the rape conviction was a necessary predicate to his re-incarceration. *Id*. at 1019-20. Petitioner has not explained how his indecent exposure conviction was a necessary predicate for the RVR, nor has he provided any facts from which the court could evaluate that claim.

Petitioner also argues that the credits-loss imposed by authorities when he was issued the RVR places him "in custody" for purposes of § 2254. While a loss of credits may provide a federal court with jurisdiction over a challenge to an RVR depending on the impact of the credits-

loss on a petitioner's term of imprisonment, petitioner did not challenge the RVR in his petition. As respondent points out, the petition challenges the indecent exposure conviction, not the RVR.[2]

Accordingly, the court again recommends that petitioner's motion for default judgment (ECF No. 29) be DENIED, respondent's motion to dismiss (ECF No. 11) be GRANTED, and the petition dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 10, 2022.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] It is less than clear that this court would have jurisdiction even if the petition challenged the RVR.  Because petitioner is serving an indeterminate life sentence, restoration of the lost credits may not necessarily accelerate his release date, which is a predicate for federal habeas jurisdiction.  *Nettles v. Grounds*, 830 F.3d 922, 935, 1002-04 (9th Cir. 2016).