UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 2:20-cv-02044-KJM-EFB (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel pursuing a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his objections to the court's recommendation that respondent's pending motion to dismiss be granted, plaintiff raised additional arguments that he had not raised in his original opposition papers. ECF No. 16. The District Judge therefore declined to adopt the recommendation in part and referred the matter to the undersigned to consider the new arguments. ECF No. 23. Thereafter, respondent was directed to file a supplemental brief addressing those arguments. That brief was timely filed on February 9, 2022, ECF Nos. 26, 27, and the matter appeared to be submitted. But a few days later, on February 14, 2022, petitioner filed a motion for default judgment, arguing erroneously that respondent had failed to comply with the court's order for a supplemental brief. ECF No. 29. Because respondent had complied, findings and recommendations were issued recommending that the motion for default judgment be denied. ECF No. 30. The court further recommended, again, that respondent's motion to dismiss for lack of jurisdiction be granted. *Id.*

1

1    Thereafter, petitioner filed a request stating that he had not been provided a copy of
2 respondent's supplemental brief. ECF No. 31. For that reason, the court held the March 10, 2022
3 findings and recommendations in abeyance, sent a copy of respondent's supplemental brief to
4 petitioner, and provided petitioner the opportunity to file a responsive supplemental brief, which
5 the court has now received and considered. ECF No. 34. For the reasons that follow and as set
6 forth in the March 10, 2022 recommendation, the court again recommends that the petition be
7 dismissed.

8    **I.    Background**

9    The petition before the court states that petitioner is challenging a judgment of conviction
10 in the Sacramento County Superior Court on December 6, 2019, for the crime of indecent
11 exposure. ECF No. 5 at 1. He sustained that conviction while he was serving a 55-years-to-life
12 sentence on an unrelated charge. The conduct forming the basis for the indecent exposure
13 conviction occurred while petitioner was confined at Folsom State Prison and while he working
14 as an inmate in a job he describes as a recreational aid. *Id.* at 4.

15    Petitioner claims in his petition that his conviction for indecent exposure violated his
16 rights under *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 5. He also claims to be factually
17 innocent of the indecent exposure charge. *Id.* As discussed in the court's earlier findings and
18 recommendation, ECF No. 30, a prerequisite to a petition under 28 U.S.C. § 2254 is that the
19 petitioner is in custody as a result of the conviction and/or sentence that is being challenged in the
20 petition. In Findings and a Recommendation entered on September 20, 2021, the court previously
21 determined petitioner is not "in custody" for purposes of § 2254 by reason of a state court
22 detainer that was still on his prison records by administrative error. ECF Nos. 21. His objections
23 to that recommendation suggested that petitioner was challenging the imposition of harsher or
24 lengthier conditions of confinement, or losses of certain rights or privileges because of the
25 conviction. Because that argument was raised for the first time in petitioner's objections, the
26 District Judge referred the matter back to the undersigned to consider it.
27 /////
28 /////

Thus, the issue that remains to be determined is whether petitioner has shown that he is "in custody" as a result of the indecent exposure conviction for the reasons he argues in his objections to the prior findings and recommendations.

**II.     Analysis**

Petitioner argues in his objections to the September 20, 2021 findings and recommendations that he is "in custody" because he was found guilty of a rules violation report (RVR) that resulted in forfeiture of 365 good time credits, a 12-month term in the administrative segregation indecent exposure unit, a 15-month term in the general administrative segregation unit, loss of his job, and loss of some privileges and property. ECF No. 22.

Respondent's supplemental brief, filed in compliance with the court's order, argues that the RVR and its consequences are irrelevant to whether petitioner is in custody on his state court indecent exposure conviction, which is the sole subject of the amended petition. ECF No. 27. For his part, petitioner argues that RVR guilt determination was based entirely on his criminal conviction and that, because he is suffering the listed consequences of that guilt determination (credits loss, etc.), he is "in custody" such that he may challenge the criminal conviction.

Petitioner relies on *Zichko v. Idaho*, 247 F.3d 1015 (Ninth Cir. 2001). In that case, the petitioner had been convicted of raping his minor daughter and had completed a prison term for that crime. *Id.* at 1019. Following his release, he was convicted of failing to register as a sex offender and reincarcerated. *Id.* The Ninth Circuit held that he was "in custody" for the purpose of his 28 U.S.C. § 2254 habeas petition attacking the validity of his original rape conviction because the original conviction was a necessary predicate to the failure-to-register charge. *Id.* According to petitioner, he is similarly "in custody" for the purpose of attacking the indecent exposure criminal conviction because that conviction is a necessary predicate for the RVR finding and its consequences (credits loss, etc.). But unlike Zichko, who was reincarcerated due the sex offender status he incurred as a result of his earlier rape conviction and was thus "in custody," petitioner's current incarceration is not related to his indecent exposure conviction, as the court has already determined. *See* ECF No. 21 at 2 (noting that on March 6, 2019, imposition of petitioner's sentence was suspended, and he was credited with time served, citing ECF Nos.

11; 13-1 at 5, and further that petitioner did not receive probation and was no longer subject to an enforceable detainer). While petitioner claims that he has suffered other consequences as a result of the conviction – loss of time credits, administrative segregation, and loss of privileges – these kinds of losses do not confer habeas jurisdiction on a federal court where, as here, the petitioner is serving an indeterminate life sentence. *Nettles v. Grounds*, 830 F.3d 922, 924-25 (9th Cir. 2016). This is because these consequences do not necessarily affect the duration of confinement; and if the consequences do not affect the duration of confinement, they cannot be considered to place petitioner "in custody" for purposes of habeas relief under 28 U.S.C. § 2254.

After reviewing petitioner's filings, it is not entirely clear whether he wishes to challenge the state court criminal proceedings and resultant criminal sentence (the subject of his amended petition) or the RVR and the resultant loss of privileges (the subject of his objections and supplemental brief). But his current petition only includes the former and as discussed above, under *Nettles* any challenge in a habeas petition under 28 U.S.C. § 2254 is jurisdictionally barred. 830 F.3d at 936.

The petitioner may, if he so chooses, file an action under 42 U.S.C. § 1983 challenging the RVR determination. *See Nettles*, 830 F.3d at 936. However, petitioner should be aware that a section 1983 action differs from a habeas action in significant ways, including the type of relief available, the proper defendants, exhaustion requirements, and filing fees. In particular, proceeding with a section 1983 action would obligate petitioner to pay a $350 filing fee or seek leave to proceed in forma pauperis. If petitioner is granted in forma pauperis status, he must pay an initial portion of this fee and thereafter payments would be made to the Clerk of Court from petitioner's trust account any time the balance exceeds $10 until the fee is fully paid. 28 U.S.C. § 1915.

### III.    Order and Recommendation

Accordingly, it is RECOMMENDED that the March 11, 2021 motion to dismiss (ECF No. 11) be GRANTED without prejudice to any action petitioner might file pursuant to 42 U.S.C. § 1983.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE